# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 08/11/2020 02:48:35 PM.
30-2020-01154674-CU-PO-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

COSTCO WHOLESALE CORPORATION, A CALIFORNIA
CORPORATION and DOES 1-20; INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JANIE MICHELLE SCOTT

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Orange County Superior Court <br><br> 700 W Civic Center Dr, Santa Ana, CA 92701 | CASE NUMBER: <br> *(Número del Caso):* 30-2020-01154674-CU-PO-CJC <br><br> Judge Derek W. Hunt |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
S. Sean Bral, Esq. - 1875 Century Park East, Suite 1770, Los Angeles, CA 90067; Tel:310-789-2007

| | | | |
|---|---|---|---|
| DATE: 08/11/2020 *(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* Randi Baker | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify)*: COSTCO WHOLESALE CORPORATION, A CALIFORNIA CORPORATION

     under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 08/11/2020 02:48:35 PM.
30-2020-01154674-CU-PO-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

1 | **BRAL & ASSOCIATES**
S. SEAN BRAL, ESQ.   190489
2 | 1875 CENTURY PARK EAST, SUITE 1770
LOS ANGELES, CALIFORNIA 90067
3 | TEL (310)789-2007
FAX(310)789-2006
4 | Email: SBFIRM@gmail.com

5

6 | Attorneys for Plaintiff,
JANIE MICHELLE SCOTT

7

8

9

10 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

11 | COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

12 | JANIE MICHELLE SCOTT          )   CASE NO.: 30-2020-01154674-CU-PO-CJC
                                )
13 |         Plaintiff,          )
                                )   COMPLAINT FOR DAMAGES
14 |    vs.                      )
                                )   1.   NEGLIGENCE\PREMISE
15 | COSTCO WHOLESALE             )        LIABILITY
     CORPORATION, A CALIFORNIA    )
16 | CORPORATION and DOES 1-20,   )        Assigned for all purposes
     INCLUSIVE                    )        Judge Derek W. Hunt
17 |                             )
             Defendants.         )
18 | _____)

19

20 | Plaintiff JANIE MICHELLE SCOTT ("Plaintiff") alleges:

21 | 1.   Plaintiff is and at all times relevant herein was an individual residing within the County

22 |      of Los Angeles, State of California.

23 | 2.   Plaintiff is informed and believes and thereon alleges that Defendants, COSTCO

24 |      WHOLESALE CORPORATION, A CALIFORNIA CORPORATION and Does 1-20,

25 |      inclusive (collectively "Defendants") are and at all relevant times herein were individuals

26 |      residing in or entities formed and operating within the State of California, County of

27 | COMPLAINT FOR DAMAGES
28 | 1

1    Orange County.

2  3.    The true names and capacities, whether individual, corporate, associate or otherwise, of

3        Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues

4        said Defendants by such fictitious names, and Plaintiff will seek leave of Court to amend

5        this Complaint to show the true names and capacities thereof when the same have been

6        ascertained.

7  4.    Plaintiff is informed and believes and thereon alleges that each of the Defendants

8        designated herein as a DOE is responsible, negligently or in some other manner, for the

9        events and happenings herein referred to, and thereby proximately caused injuries and

10       damages to the Plaintiff as hereinafter alleged.

11  5.   Defendants at all times mentioned herein were the agents, servants, employers,

12       employees, partners, members, shareholders, officers, directors, joint venturers, and alter

13       egos of each other, and in doing or failing to do the things hereinafter mentioned were

14       acting within the purpose and scope of her agency and employment and with the

15       knowledge and consent of each other and with such a unity of interests between each

16       other and with the individual owners of each corporate or government entity that any

17       corporate or government shield or fictitious entity should be disregarded.

18  6.   As used herein the term "Defendants" means all Defendants, both jointly and severally,

19       and references by name to any named Defendant shall include all Defendants, including

20       but not limited to Doe Defendants, both jointly and severally.

21  7.   Each and all of the acts, events and injuries alleged hereinafter, took place and were

22       sustained on or about August 13, 2018 in the County of Orange County, State of

23       California.

24  8.   At all times mentioned herein, Defendants owned, maintained, controlled, managed,

25       supervised and\or operated  the premises located at or near 27972 Cabot Rd, Laguna

26       Niguel, CA 92677 at the aforementioned time and place Defendants so negligently

27

28
COMPLAINT FOR DAMAGES
2

1    maintained, controlled, managed, operated, inspected, and\or supervise said Premises as
2    to prevent foreseeable users, invitees, and customers such as Plaintiff, from being
3    exposed to perilous and unsafe conditions, inclusive without limitation to, wet and
4    slippery floors causing the Plaintiff to fall and thereby sustain the hereinafter described
5    injuries and damages.

6    9.    Defendants knew or in exercise of reasonable care should have known such actions and
7          omissions constituted a dangerous and an unreasonable risk of harm of which Plaintiff at
8          all times was unaware of.

9    10.   Defendants negligently failed to take steps to either make the condition safe or warn the
10         Plaintiff of the dangerous condition, thereby causing the hereinafter described injuries and
11         damages to the Plaintiff.

12   11.   As the direct and proximate result of the negligence of the above named Defendant(s),
13         and each of them, Plaintiff was hurt and injured in her health, strength and activity;
14         sustaining serious injuries to body and severe shock and injuries to the nervous system
15         and person, all of which injuries have caused and continue to cause Plaintiff great mental,
16         physical and nervous pain and suffering, all to the Plaintiff's general damages in an
17         amount in excess of the jurisdictional minimum of this Court.

18   12.   As a further and direct and proximate result of the negligence of the Defendants, Plaintiff
19         was required to and did incur medical and incidental expenses thereby. The exact amount
20         of such expenses is presently unknown to Plaintiff and Plaintiff will seek leave of Court
21         to amend this Complaint to set forth the exact amount thereof when the same has been
22         ascertained..

23   13.   Plaintiff is informed and believes and thereon alleges that as the direct result and
24         proximate cause of the negligence of the Defendants, and each of them, Plaintiff will, for
25         a period of time in the future, be required to employ physicians and incur additional
26         medical and incidental expenses thereby. The exact amount of such expenses is presently

27
28
                              COMPLAINT FOR DAMAGES
                                        3

1   unknown to Plaintiff and Plaintiff will seek leave of Court to amend this Complaint to set

2   forth the exact amount thereof when the same has been ascertained.

3   14.   At the time of the above mentioned incident, Plaintiff was gainfully employed. As a

4   further and direct and proximate result of the negligence of the Defendant(s), Plaintiff

5   was unable to attend to her usual employment and has/have lost income. The exact

6   amount of such damages is presently unknown to Plaintiff and Plaintiff will seek leave of

7   court to amend this complaint to set forth the exact amount thereof when the same has

8   been ascertained.

9   15.   Plaintiff is informed and believes and thereon alleges that as a direct and proximate result

10   of the negligence of the Defendants, and each of them, Plaintiff will, for a period of time

11   in the future, be unable to attend and\or obtain gainful employment or that her ability to

12   obtain gainful employment is diminished and\or her earning capacity has been

13   diminished. The exact amount of such losses is presently unknown to Plaintiff and

14   Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount

15   thereof when the same has been ascertained.

16   WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as

17  follows:

18      1.   General damages, according to proof and in an amount in excess of the

19         jurisdictional minimum of this Court;

20      2.   Medical and incidental expenses according to proof;

21      3.   All other special and incidental damages according to proof;

22      4.   Loss of earnings according to proof;

23      5.   Loss of earning capacity according to proof;

24      6.   Pre-judgement interest according to proof;

25      7.   Costs of suit incurred herein;

26      8.   Attorney's fees as provided by law;

27

28

1  //

2  //

3       9.     Such other and further relief as the Court may deem just and proper.

4

5  DATED: August 11, 2020             BRAL & ASSOCIATES

6

7                          *S. Sean Bral*

                             BY: S. Sean Bral

8                           Attorneys for Plaintiff,

                           JANIE MICHELLE SCOTT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

5

CIV-050

**- DO NOT FILE WITH THE COURT-**
**-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| S. Sean Bral, Esq.   190489<br>Bral & Associates<br>1875 Century Park East, Suite 1770<br>Los Angeles, CA 90067<br>ATTORNEY FOR *(name)*:  Plaintiff, Janie Michelle Scott | 310-789-2007 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: Janie Michelle Scott
DEFENDANT: Costco Wholesale Corporation

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>30-2020-01154674-CU-PO-CJC |
|---|---|

To *(name of one defendant only)*:
Plaintiff *(name of one plaintiff only)*:
seeks damages in the above-entitled action, as follows:

| | | AMOUNT |
|---|---|---|
| **1. General damages** | | |
| a. ☑ Pain, suffering, and inconvenience ........................................................ | | $ 250,000.00 |
| b. ☐ Emotional distress. ................................................................................. | | $ |
| c. ☐ Loss of consortium ................................................................................. | | $ |
| d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ............ | | $ |
| e. ☐ Other *(specify)* | | $ |
| f. ☐ Other *(specify)* | | $ |
| g. ☐ Continued on Attachment 1.g. | | |
| **2. Special damages** | | |
| a. ☑ Medical expenses *(to date)* ................................................................. | | $ 35,000.00 |
| b. ☑ Future medical expenses *(present value)* ............................................. | | $ 50,000.00 |
| c. ☑ Loss of earnings *(to date)* .................................................................. | | $ 5,000.00 |
| d. ☐ Loss of future earning capacity *(present value)* .................................. | | $ |
| e. ☐ Property damage .................................................................................. | | $ |
| f. ☐ Funeral expenses *(wrongful death actions only)* ................................... | | $ |
| g. ☐ Future contributions *(present value) (wrongful death actions only)* ....... | | $ |
| h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ...... | | $ |
| i. ☐ Other *(specify)* | | $ |
| j. ☐ Other *(specify)* | | $ |
| k. ☐ Continued on Attachment 2.k. | | |
| **3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ <br>when pursuing a judgment in the suit filed against you. | | |

Date:  4/7/21

Sean Bral
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any   court   staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution   programs   funded under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are participating in the DRPA. This information may take the form of a list of   the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

   Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

   Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

   Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

   Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:        STATE:      ZIP CODE:<br>TELEPHONE NO.:      FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
               (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
               (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

Electronically Filed by Superior Court of California, County of Orange, 08/11/2020 02:48:35 PM.
30-2020-01154674-CU-PO-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| S.Sean Bral , Esq 190489<br>Bral &Associates<br>1875 Century Park East, Ste 1770<br>Los Angeles, CA 90067<br>TELEPHONE NO.: 310.789.2007    FAX NO.: 310.789.2006<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS: 700 W Civic Center Dr.
   MAILING ADDRESS:
   CITY AND ZIP CODE: Santa Ana, CA 92701
   BRANCH NAME:

CASE NAME:
Scott v. Costco Wholesale Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01154674-CU-PO-CJC |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [✓] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* 1
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 08/10/2020
S.Sean Bral
    (TYPE OR PRINT NAME)                 ▶         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*



CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book account) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

# EXHIBIT "B"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| S. Sean Bral, Esq. | SBN: Bar No. 190489<br>Law Offices of S. Sean Bral<br>1875 Century Park East  Suite 1770 Los Angeles, CA 90067<br><br>TELEPHONE NO.: (310) 789-2007 | FAX NO. (310) 789-2006 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: | |

**ORANGE COUNTY SUPERIOR COURT**

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92702-0838

BRANCH NAME: SANTA ANA

| | CASE NUMBER: |
|---|---|
| PLAINTIFF:  Janie Michelle Scott | 30-2020-01154674-CU-PO-CJC |
| DEFENDANT:  Costco Wholesale Corporation, etc., | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Scott |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. ☑ Summons
   b. ☑ Complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents)*:  **Civil Case Cover Sheet; Statement of Damages**

3. a. Party served *(specify name of party as shown on documents served)*:

   **Costco Wholesale Corporation, a California Corporation**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **Jessie Gastelum (C.T. Corporation System) - Agent for service of process**

4. Address where the party was served:  **CT CORPORATION**
   **818 W Seventh Street, Suite # 930**
   **Los Angeles, CA 90017**

5. I served the party *(check proper box)*

   a. ☑ **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **4/9/2021**   (2) at *(time):* **1:50 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):*      **or** ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/0169176

| PETITIONER: Janie Michelle Scott | CASE NUMBER: |
|---|---|
| RESPONDENT: Costco Wholesale Corporation, etc., | 30-2020-01154674-CU-PO-CJC |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.

    b. ☐ as the person sued under the fictitious name of *(specify):*

    c. ☐ as occupant.

    d. ☑ On behalf of *(specify):* **Costco Wholesale Corporation, a California Corporation**
        under the following Code of Civil Procedure section:

            ☑ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)
            ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
            ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
            ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
            ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                       ☐ other:

7. **Person who served papers**

    a. Name: **Victor Mendez - All-N-One Legal Support, Inc.**

    b. Address: **1541 Wilshire Blvd, Suite 405  Los Angeles, CA 90017**

    c. Telephone number: **(213) 202-3990**

    d. **The fee** for service was: **$ 66.50**

    e. I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ registered California process server:
            (i) ☐ owner      ☐ employee     ☑ independent contractor.
            (ii) Registration No.: **3428**
            (iii) County: **Los Angeles**

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **4/14/2021**

**All-N-One Legal Support, Inc.**
**1541 Wilshire Blvd, Suite 405**
**Los Angeles, CA 90017**
**(213) 202-3990**
**www.allnonelegal.com**

| **Victor Mendez** | ▶ | |
|---|---|---|
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | | (SIGNATURE) |

# EXHIBIT "C"

**Dr. Shirley N. Weber**
**California Secretary of State**

 # Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, May 3, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

## C1587907    COSTCO WHOLESALE CORPORATION

| | |
|---|---|
| **Registration Date:** | 06/05/1987 |
| **Jurisdiction:** | WASHINGTON |
| **Entity Type:** | FOREIGN STOCK |
| **Status:** | ACTIVE |
| **Agent for Service of Process:** | **C T CORPORATION SYSTEM (C0168406)** |

To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate.

| | |
|---|---|
| **Entity Address:** | 999 LAKE DRIVE |
| | ISSAQUAH WA 98027 |
| **Entity Mailing Address:** | P.O. BOX 35005 |
| | SEATTLE WA 98124 |

🛒 **Certificate of Status**

A Statement of Information is due EVERY year beginning five months before and through the end of June.

| Document Type | ⬆⬇ | File Date | ⬇ | PDF |
|---|---|---|---|---|
| PUBLICLY TRADED DISCLOSURE | | 04/01/2021 | | |
| SI-NO CHANGE | | 03/31/2021 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/24/2020 | | |
| SI-COMPLETE | | 06/27/2019 | | |
| PUBLICLY TRADED DISCLOSURE | | 12/28/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/22/2018 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/13/2017 | | |
| PUBLICLY TRADED DISCLOSURE | | 01/11/2016 | | |

5/4/2021                    Business Search - Business Entities - Business Programs | California Secretary of State

| Document Type | File Date ⬍ | PDF |
|---|---|---|
| PUBLICLY TRADED DISCLOSURE | 01/12/2015 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2014 | |
| PUBLICLY TRADED DISCLOSURE | 01/17/2013 | |
| PUBLICLY TRADED DISCLOSURE | 01/24/2012 | |
| PUBLICLY TRADED DISCLOSURE | 01/21/2011 | |
| PUBLICLY TRADED DISCLOSURE | 01/22/2009 | |
| PUBLICLY TRADED DISCLOSURE | 01/09/2008 | |
| PUBLICLY TRADED DISCLOSURE | 01/16/2007 | |
| PUBLICLY TRADED DISCLOSURE | 01/26/2006 | |
| PUBLICLY TRADED DISCLOSURE | 06/29/2004 | |
| PUBLICLY TRADED DISCLOSURE | 09/11/2003 | Image unavailable. Please request paper copy. |
| AMENDED REGISTRATION | 01/22/1988 | |
| REGISTRATION | 06/05/1987 | |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

**Modify Search**        **New Search**        **Back to Search Results**

# EXHIBIT "D"

DEBORAH S. TROPP, ESQ. – BAR NO. 162613
TRACY L. BREUER, ESQ. – BAR NO. 238687
MCNEIL, TROPP & BRAUN, LLP
2 Park Plaza, Suite 620
Irvine, California 92614
(949) 259-2890; Fax: (949) 259-2891
jbraun@mtbattorneys.com; tbreuer@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JANIE MICHELLE SCOTT, | CASE NO. 30-2020-01154674-CU-PO-CJC UNLIMITED CIVIL CASE |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: DEPARTMENT C10 |
| vs. | **DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT** **UNDER 28 U.S.C § 1441 (a) (DIVERSITY)** |
| COSTCO WHOLESALE CORPORATION, a California Corporation and DOES 1-20, Inclusive | COMPLAINT FILED: August 11, 2020 TRIAL:            August 29, 2022 |
| Defendants. | |

TO PLAINTIFF, JANIE MICHELLE SCOTT, AND TO HER COUNSEL OF RECORD:

**NOTICE IS HEREBY GIVEN** that Defendant, COSTCO WHOLESALE CORPORATION, a Washington Corporation, has filed a Notice of Removal of the above-captioned action, a copy of which is attached hereto as Exhibit "A" (without exhibits), with the United States District Court for the Central District of California, Southern Division.

///

///

**PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d) the filing of said Notice in the United States District Court, together with the filing of said Notice with this Court, effects the removal of this action and the above-captioned Court may proceed no further unless and until the case has been remanded.

Dated: May 10, 2021                    McNEIL TROPP & BRAUN LLP


By:_____
     Deborah S. Tropp, Esq.
     Tracy L. Breuer, Esq.
     Attorneys for Defendant
     COSTCO WHOLESALE CORPORATION

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA     )
                               ) ss.
COUNTY OF ORANGE      )

     I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

     On May 10, 2021, I served the foregoing document described as DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT UNDER 28 U.S.C § 1441 (a) (DIVERSITY) on the interested parties in this action by:

X         **Placing ___the original _X_ a true copy thereof, enclosed in sealed envelopes, addressed as follows on the attached SERVICE LIST.**

         **BY MAIL**: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

     **BY FACSIMILE TRANSMISSION**: From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine.   Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

     **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the offices of the addressee.

x     **BY ELECTRONIC MAIL:** I caused a copy of the aforementioned document to be delivered by electronic mail to the representatives on the attached Service List.

     **BY FEDERAL EXPRESS**: I caused a courtesy copy of the aforementioned document to be delivered by overnight mail via Federal Express to the representatives on the attached Service List.

X         **STATE**:     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 10, 2021, at Irvine, California.

_____
Jena M. Rivera

---

3
DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

## SERVICE LIST

**SCOTT v. COSTCO**
**OUR FILE NO.: 4700-68**

| | |
|---|---|
| S. Sean Bral, Esq. | Attorneys for Plaintiff JANIE MICHELLE SCOTT |
| Chantalle Levian, Esq. | |
| Bral & Associates | (310) 789-2007 |
| 1875 Century Park East, Suite 1770 | Fax: (310) 789-2006 |
| Los Angeles, California 90067 | sbfirm@gmail.com |
| | chantalle.sbfirm@gmail.com |

DEFENDANT'S NOTICE TO ADVERSE PARTIES OF REMOVAL OF CASE TO FEDERAL COURT
UNDER 28 U.S.C § 1441 (a) (DIVERSITY)

# EXHIBIT "A"

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   dtropp@mtbattorneys.com
2  TRACY L. BREUER, ESQ. – BAR NO. 238687
   tbreuer@mtbattorneys.com
3  McNEIL TROPP & BRAUN LLP
   2 Park Plaza, Suite 620
4  Irvine, California 92614
   Ph: (949) 259-2890; Fax: (949) 259-2891
5

6  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION, a Washington
7  Corporation

8
                    UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10                    SOUTHERN DIVISION
11

12  JANIE MICHELLE SCOTT,                CASE NO.  8:21-cv-00686

13              Plaintiff,               **DEFENDANT'S NOTICE OF
                                         REMOVAL OF ACTION UNDER 28
14       vs.                             U.S.C. § 1441(a) (DIVERSITY)**

15
16  COSTCO WHOLESALE
    CORPORATION, A CALIFORNIA
17  CORPORATION and DOES 1 TO 20,
18  inclusive,

19              Defendants,
20

21
       **TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF,**
22
    **JANIE MICHELLE SCOTT, AND TO HER COUNSEL OF RECORD:**
23
       **NOTICE IS HEREBY GIVEN** that Defendant, COSTCO WHOLESALE
24
    CORPORATION, a Washington Corporation ("Defendant"), hereby removes this
25
    action from the Superior Court of the State of California, County of Orange, Central
26
    District, to the United States District Court, Central District of California, Southern
27
    Division and sets forth in support of its Notice of Removal of Action the following:
28

---
                                        1
Case No.:                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                             UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1.   On August 11, 2020, Plaintiff, JANIE MICHELLE SCOTT ("Plaintiff"), commenced an action against Defendant by filing a Summons and Complaint in the Superior Court of California, County of Orange, Central District, Case No. *30-2020-01154674-CU-PO-CJC*. (A true and accurate copy of Plaintiff's Summons, Complaint, Statement of Damages and Alternative Dispute Resolution (ADR) Information Packet are attached as **Exhibit A** to the Declaration of Tracy L. Breuer.)

2.   Plaintiff filed an unlimited civil complaint seeking monetary damages in excess of $75,000.00. In the complaint, and as a result of the slip and fall incident, Plaintiff claims to have suffered: (1) wage loss; (2) medical and incidental expenses; (3) general damages; (4) loss of earning capacity; (5) future medical expenses. (*See* Complaint at p. 4 and Statement of Damages.)

3.   Defendant was served on April 9, 2021. (A true and accurate copy of Plaintiff's Proof of Service is attached to the Declaration of Tracy L. Breuer as **Exhibit B**.)

4.   Defendant first received notice of this action on April 9, 2021 a date less than 30 days before the date this notice of removal is filed. Defendant has not otherwise been served with any other process, pleadings, or orders, other than those attached as Exhibits A and B. (*See* Breuer Dec. at ¶ 2, 3.)

5.   Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a timely fashion, in that this Notice has been filed within one year of the commencement of the action and within 30 days of service of the summons and complaint. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc. 526 U.S. 344 (1999).

## Complete Diversity Exists

6.   This action wholly involves citizens of different states. At the time this action was commenced, and since that time, Plaintiff was and is a resident and

Case No.:

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

1     citizen of the State of California, with her domicile in the State of California. (*See*

2     Breuer Dec. at ¶ 4.)

3          7.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a

4     citizen of any State by which it has been incorporated and of the State where it has

5     its principal place of business."  Defendant was, at the time of the filing of this

6     action, and still is, a citizen of the State of Washington, where it has its principal

7     place of business and where it is incorporated. (*See* **Exhibit C** to Breuer Decl.;

8     Breuer Decl. ¶ 5.)

9          8.     Pursuant to 28 U.S.C. §1441(a), the fictitious defendants named in the

10     complaint are disregarded for purposes of determining the existence of diversity

11     citizenship.

12                  **The Amount in Controversy Requirement is Satisfied**

13          9.     Plaintiff filed an unlimited civil complaint seeking monetary damages

14     in excess of $75,000.00. In the complaint, and as a result of the slip and fall

15     incident, Plaintiff claims to have suffered: (1) wage loss; (2) medical and incidental

16     expenses; (3) general damages; (4) loss of earning capacity; (5) future medical

17     expenses. (See Complaint at p. 4 and Statement of Damages.)

18          10.     Plaintiff has served a Statement of Damages alleging  that she is

19     seeking damages for economic damages in excess of $75,000 and general damages

20     of $250,000. (*See* Breuer Decl. ¶ 7.)

21          11.     Thus, based on the facts provided above, the amount in controversy,

22     exclusive of interest and costs, is in the excess of $75,000.00. This Court therefore

23     has original jurisdiction of this action under 28 U.S.C. § 1332 and, because

24     Defendant is not a citizen or resident of the State of California, wherein this action is

25     pending, removal of the action to this court is proper under 28 U.S. Code § 1441(a).

26     ///

27     ///

28

Case No.:                        DEFENDANT'S NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

**The Other Requirements for Removal Are Met**

12.    A copy of the Notice to Adverse Parties of Removal of the Case to Federal Court, which is attached to this Notice, will be filed with the Superior Court of California, County of Orange, Central District and served on all involved parties to this action. (A true and correct copy of the Notice to Adverse Parties of Removal of Case to Federal Court is attached to the Declaration of Tracy L. Breuer as **Exhibit D.**)

13.    Removal to this Court is proper as the Superior Court of the State of California, County of Orange, where this action was originally filed, is located within this district.

14.    Plaintiff has been served with this Notice of Removal, and the additional supporting pleadings.

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, prays that this action be removed to this Court.

Dated: May 10, 2021                                    McNEIL TROPP & BRAUN LLP


By:   /s/ Tracy L. Breuer
        Deborah S. Tropp, Esq.
        Tracy L. Breuer, Esq.
        Attorneys for Defendant
        COSTCO WHOLESALE
        CORPORATION a Washington
        Corporation

Case No.:                                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                                             UNDER 28 U.S.C. § 1441(a) (DIVERSITY)

## CERTIFICATE OF SERVICE

I hereby certify on May 10, 2021, I electronically filed the foregoing: **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** with the Clerk of the Court for the United States District Court, Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the USDC-Central District of California CM/ECF system.

I further certify that participants in the case not registered to as CM/ECF users have been mailed a true and correct copy of the above described documents by First Class Mail, postage pre-paid, to the following non-CM/ECF participants:

Sean Bral, Esq.
Chantalle Levian
BRAL & ASSOCIATES
1875 Century Park East, Suite 1770
Los Angeles, CA 90067

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☑ **FEDERAL:** I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed on May 10, 2021, at Irvine, California.

*/s/ Tracy L. Breuer*
TRACY L. BREUER

Case No.:                    DEFENDANT'S NOTICE OF REMOVAL OF ACTION
                             UNDER 28 U.S.C. § 1441(a) (DIVERSITY)